ORIGINAL

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| APPLIANCE CONTROLS GROUP, Inc., | ) | |
| et al., | ) | Case No. 04-14517 |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | Judge A. Benjamin Goldgar |

**INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105(a) and 363(b) AUTHORIZING THE DEBTORS TO ENTER INTO AN AGREEMENT TO EMPLOY CRP PARTNERS, LLC AS AN INDEPENDENT CONTRACTORS TO PROVIDE MANAGEMENT SERVICES FOR THE DEBTORS**

Upon the motion (the "Motion"), filed by Appliance Controls Group, Inc. and Appliance Control Group Holdings, Inc. (collectively, the "Debtors"), for an order, pursuant to Sections 105(a) and 363(b) of Title 11 of the United States Code (the "Bankruptcy Code"), authorizing the Debtors to employ Corporate Revitalization Partners, LLC ("CRP") to provide and perform management services for the Debtors and in accordance with that certain agreement (the "Agreement"), a copy of which is attached to the Motion as Exhibit A; and upon the affidavit of Thomas S. O'Donoghue in support of the Motion, a copy of which is attached as Exhibit B to the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and due and proper notice of the Motion and the hearing to be held thereon having been served to the Office of the United States Trustee and all other parties-in-interest entitled thereto, and no other or further notice need be given; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates and creditors; and upon the Motion and all of the proceedings held before the Court; after due deliberation and good and sufficient cause appearing therefor, it is hereby:

ORDERED that the Motion is granted on an interim basis as ~~set forth herein; and it is further~~ follows:

ORDERED that the Debtors are authorized to enter into the Agreement and to employ Thomas S. O'Donoghue and CRP to provide management services to the Debtors on the terms and conditions set forth in the Agreement. CRP may also assist in the process and procedures related to the sale of the Debtors' business; and it is further

ORDERED that the Debtors are authorized to appoint Thomas S. O'Donoghue as the Chief Restructuring Officer of the Debtors on the terms and conditions set forth in the Agreement; and it is hereby further

ORDERED that CRP is authorized to provide up to four (4) individuals, in addition to Thomas S. O'Donoghue, to work as officers for the Debtors on the terms and conditions set forth in the Agreement; and it hereby further

ORDERED that the Debtors are authorized to pay CRP's fees and reimbursement of CRP's expenses on a weekly basis, as set forth in the Agreement without further Court order; and it is hereby further

ORDERED that the Debtors' request to pay CRP a Success Fee (as that term is defined in the Motion) is continued to the Final Hearing on the Motion; and it is hereby further

ORDERED that CRP is permitted to retain its prepetition security retainer of $55,000 to secure the payment of its fees and expenses in the Debtors' cases; and it hereby further

ORDERED that, notwithstanding anything in the Agreement to the contrary, indemnified persons shall be entitled to indemnification for losses, claims, damages, liabilities or expenses found by a court of competent jurisdiction to have resulted primarily from ordinary negligence only if directors or officers of the Debtors may be indemnified under the laws of the state or

states of incorporation of the Debtors for losses, claims, damages, liabilities or expenses found by court of competent jurisdiction to have resulted primarily from such directors or officers ordinary negligence, provided, however, Covered Persons (as defined in the Agreement) shall be added to the Debtors' applicable insurance policies; and it is further

ORDERED that all compensation and reimbursement due to, and other rights of, CRP in accordance with the Agreement, including, without limitation, indemnification obligations, shall be treated in the Debtors' chapter 11 cases as allowed administrative expenses in accordance with section 503 of the Bankruptcy Code, provided, however, that CRP shall be liable for, and responsible for the payment of any taxes, withholding or otherwise, associated with the payment of compensation and reimbursement for individuals provided by CRP; and it is hereby further

ORDERED that the Court shall retain jurisdiction over any and all disputes arising under or otherwise relating to the construction, performance and enforcement of the terms and conditions of the Agreement; ~~and it is further~~.

No part of this order is entered on a final basis. Accordingly, it is ORDERED that the final hearing on this Motion, shall be held on May 3, 2004, at 10:00 a.m. in the Courtroom of the Honorable A. Benjamin Goldgar, United States Bankruptcy Judge, Northern District of Illinois, 219 S. Dearborn Street, Chicago, Illinois 60604; and it is further

ORDERED that service of this Order and the Motion by first class mail on or before April 16, 2004 upon (i) the attorneys for the Debtors, Shaw Gussis Fishman Glantz Wolfson & Towbin LLC, 321 N. Clark Street, Suite 800, Chicago, Illinois 60610 (Attn: Robert M. Fishman); (ii) the attorneys for Transamerica Business Credit Corporation ("Transamerica"), Winston & Strawn, 35 W. Wacker, Chicago, Illinois 60601 (Attn: Daniel J. McGuire); (iii) the attorneys for Hilco Capital, LP ("Hilco"), Vedder Price Kaufman & Kammholz PC, 222 N. LaSalle, Suite 2600, Chicago, IL 60601 (Attn: Michael M. Eidelman); (iv) the attorneys for the

prepetition ad hoc committee of unsecured creditors, Quarles & Brady, LLC, 500 West Madison St., Suite 3700, Chicago, IL 60661 (Attn: Faye B. Feinstein); (v) the Office of the United States Trustee, 227 West Monroe Street, Suite 3350, Chicago, Illinois 60606 (Attn: Roman L. Sukley); and (vi) the twenty eight largest unsecured creditors of the Debtors at their last known addresses shall constitute good and sufficient notice of the Final Hearing on the Motion; it is further

ORDERED that Objections, if any, to the relief sought in the Motion shall be in writing, shall set forth with particularity the grounds for such objections or other statement of position, shall be filed with the Clerk of the Bankruptcy Court and personally served upon (i) the attorneys for the Debtors, Shaw Gussis Fishman Glantz Wolfson & Towbin LLC, 321 N. Clark Street, Suite 800, Chicago, Illinois 60610 (Attn: Robert M. Fishman), fax: (312) 980-3888; (ii) the attorneys for Transamerica, Winston & Strawn, 35 W. Wacker Dr., Chicago, Illinois 60601-9703 (Attn: Daniel J. McGuire), fax: (312) 558-5700; (iii) the attorneys for Hilco, Vedder, Price, Kaufman and Kammholz, P.C., 222 North LaSalle Street, Suite 2600, Chicago, Illinois 60601 (Attn: Michael M. Eidelman), fax: (312) 609-5005; (iv) the Office of the United States Trustee, 227 West Monroe Street, Suite 3350, Chicago, Illinois 60606-5025 (Attn: Roman L. Sukley), fax: (312) 886-5794; and (v) counsel to the ad-hoc committee of unsecured creditors Quarles & Brady LLP, 500 West Madison, Suite 3700, Chicago Illinois 60661 (Attn: Faye B. Feinstein), fax: (312) 715-5155 and must be filed with the Court and received by said parties on or before 5:00 p.m. (Chicago time) on April 28, 2004.

ENTER:

Dated: 4-15-04

United States Bankruptcy Judge