## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| APPLIANCE CONTROLS GROUP, INC., *et al.*, | ) | Case No. 04 B 14517 |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | Honorable A. Benjamin Goldgar |
| | ) | |
| | ) | **Hearing Date: September 22, 2004** |
| | ) | **Hearing Time:  9:30 a.m.** |

### NOTICE OF MOTION

To:  Parties on the Attached Service List

PLEASE TAKE NOTICE that on September 22, 2004, at the hour of 9:30 a.m., or as soon thereafter as counsel may be heard, we shall appear before the Honorable A. Benjamin Goldgar, Bankruptcy Judge for the United States Bankruptcy Court for the Northern District of Illinois, 219 South Dearborn Street, Room 613, Chicago, Illinois, or before such other judge as may be sitting in his place and stead, and shall then and there present the **First and Final Application for Allowance and Payment of Compensation and for Reimbursement of Expenses to Quarles & Brady LLP as Counsel to the Official Committee of Unsecured Creditors**, a copy of which is herewith served upon you.

DATED: September 2, 2004

QUARLES & BRADY LLP

By: _____

Faye B. Feinstein (ARDC No. 06186627)
Christopher Combest (ARDC No. 06224701)
Quarles & Brady LLP
500 West Madison, Suite 3700
Chicago, Illinois 60661
Phone:  (312) 715-5000

### CERTIFICATE OF SERVICE

I, Christopher Combest, an attorney, certify that I caused a copy of the following **First and Final Application for Allowance and Payment of Compensation and for Reimbursement of Expenses to Quarles & Brady LLP as Counsel to the Official Committee of Unsecured Creditors** to be served upon the parties on the attached service list via first-class mail, postage prepaid (unless otherwise indicated), this 2d day of September, 2004.

_____
Christopher Combest

### SERVICE LIST – First and Final Fee Application

Roman L. Sukley
Office of the United States Trustee
227 W. Monroe St., Suite 3350
Chicago, IL 60606
Phone: 312-886-5785
Fax:    312-886-5794

Thomas S. O'Donoghue
Appliance Controls Group, Inc.
1833 Centre Point Circle, Suite 103
Naperville, IL 60563
Phone: 630-799-0270
Fax:    630-799-0271

Michael M. Eidelman
Vedder Price Kaufman & Kammholz PC
222 N. LaSalle Street, Suite 2600
Chicago, IL 60601
Phone: 312-609-7636
Fax:    312-609-5005

Michael W. Jones
Daniel J. McGuire
Winston & Strawn
35 W. Wacker Drive
Chicago, IL 60601
Phone: 312-558-5600
Fax:    312-558-5700

Robert Fishman, Esq.
Shaw Gussis Fishman Glantz Wolfson &
Towbin LLC
321 N. Clark Street, Suite 800
Chicago, IL 60610
Phone: 312-541-0151
Fax:    312-980-3888

Alcoa Engineered Products
Attention:  Gisela Hewitt
8550 W. Bryn Mawr Avenue, 10th Floor
Chicago, IL 60631
Phone: 773-380-7075
Fax:    773-380-7081

Alger Manufacturing Company, Inc.
Attention:  Duane Femrite
724 S. Bon View Avenue
Ontario, CA  91761
Phone: 800-854-9833
Fax:    909-986-9500

AMCITO Partners, L.P.
Attention:  Richard Carlson
7234 Lancaster Pike, Suite 300
Hockessin, DE  19707
Phone: 302-234-5750
Fax:    302-234-5754

Century City 1800 Partnership, L.P.
Attention:  Gerald Parsky
c/o Aurora Capital Partners LP
10877 Wilshire Blvd., Suite 2100
Los Angeles, CA  90024
Phone: 310-551-0101
Fax:    310-551-2843

Chase Brass & Copper
Attention:  Earl Creighton
PO Box 152
Montpelier, OH  43453
Phone: 419-485-3193
Fax:    419-485-5945

Danam Corporation
Attention:  Helen Kang
3003 N. 1st Street, Suite 304
San Jose, CA 95134
Phone: 408-519-5729
Fax:    408-519-5778

Engman-Taylor Company, Inc.
Attention:  Rick Kiefer
W142 N9351 Fountain Blvd.
Menomonee Falls, WI  53051
Phone: 262-255-9300
Fax:    262-255-0164

Fed Express
Attention: Sharon Butter
1000 Fedex Drive
Coraopolis, PA 15108
Phone: 800-622-1147
Fax:    412-859-2959

G & M Die Casting Company
Attention: Markus J. Hirsch
284 Richert Road
Wood Dale, IL  60191-1206
Phone: 630-595-2340
Fax:    630-595-3746

George Kellner
c/o Kellner, DiLeo & Company
900 Third Avenue, 10th Floor
New York, NY  10022
Phone: 212-350-0251
Fax:    212-350-0340

Harrison R. Horan
8523 Country Club Drive
Franklin, WI  53132
Phone: 414-427-7883
Fax:    414-427-8020

HVS Boxers LLC
Attention: Michael Fuchs
9 West 57th Street, Suite 4220
New York, NY  10019
Phone: 212-583-7010
Fax:    212-223-8886

JMS of Holland, Inc.
Attention: Harold Jordan
101 E. Roosevelt Avenue
Zeeland, MI  49464
Phone: 616-772-2727
Fax:    616-772-2722

J.P.Acquisition Fund III, L.P.
  *and* Benjamin R. Jacobson, indvidually
Jacobson Partners
595 Madison Avenue, 31st Floor
New York, NY  10022
Phone: 212-758-4500
Fax:    212-758-4567

Ken-Mac Metals, Inc.
Attention: Steve Burns
17901 Englewood Drive
Middleburgh Heights, OH 44130
Phone: 440-891-1886
Fax:    440-891-1880

Metal-Matic
Attention: Tom Jackson
629 Second Street, S.E.
Minneapolis, MN  55414
Phone: 612-378-0411
Fax:    612-392-3399

Nathan Gantcher
c/o Alpha Investment Management LLC
110 E. 59th Street, Floor 33
New York, NY  10022
Phone: 212-702-0616
Fax:    212-702-9216

Optimum Staffing Inc.
Attention: Jerry Scheib
PO Box 3387
Cleveland, TN  37320
Phone: 423-473-0501
Fax:    423-473-7872

Pace Industries, Inc.
Attention: Doug Walker
P.O. Box 309
Fayetteville, AR 72702
Phone: 479-443-1455
Fax:   479-973-8511

Quadruple Industries
Attention: Jack Horng
No. 7 Da-an Road
Hsin Chuang City
TAIPEI HSIEN, TAIWAN R.O.C.
Phone: 011-886-2-2205-2994
Fax:   011-886-2-2953-0748
**[VIA U.S. AIR MAIL]**

R.C. Coil Spring Manufacturing
Attention: Chester Sawko
490 Mitchell Road
Glendale Heights, IL 60139
Phone: 630-790-3500
Fax:   630-790-0113

Radix Inc.
Attention: Dennis Kleinhenz
2600 Lakeland Blvd.
Cleveland, OH 44132
Phone: 216-289-3530
Fax:   216-731-7082

Rockford Toolcraft
Attention: Gerald Busse
766 Research Parkway
Rockford, IL 61109
Phone: 815-398-5507
Fax:   815-398-0132

Saxonburg Ceramics, Inc.
Attention: Frank Humes
P.O. Box 688
Saxonburg, PA 16056
Phone: 724-352-3580
Fax:   724-352-1561

Small Parts de Mexico
Attention: Terry Littlepage
P.O. Box 221137
El Paso, TX 79913
Phone: 574-753-6323
Fax:   574-753-6660

Tube Tech
Attention: David Rabinowitz
c/o Block Steel
6101 W. Oakton Street
Skokie, IL 60077-2678
Phone: 847-966-3000
Fax:   847-966-5906

Wolverine Metal Stamping
c/o Deborah L. Thorne
Kevin C. Driscoll, Jr.
Barnes & Thornburg
1 North Wacker Drive, Suite 4400
Chicago, IL 60606
Phone: 312-214-8307
Fax:   312-759-5646

Christopher J. Horvay
Mark E. Leipold
Mark E. Abraham
Gould & Ratner
222 N. LaSalle St., Suite 800
Chicago IL 60601-1086
Phone: (312) 236-3003
Fax: (312) 236-3241

Everett L. Hixson, Jr.
Valerie H. Richardson
Shumacker Witt Gaither & Whitaker, P.C.
1100 SunTrust Bank Building
736 Market Street
Chattanooga TN 37402
Phone: (423) 425-7000
Fax: (423) 266-1842

Steven A. Domanowski, Esq.
Bell Boyd & Lloyd LLC
70 West Madison Street, Suite 3300
Chicago IL 60602
Phone: 312/372-1121
Fax: 312/827-1289

W. Tyler Chastain
Bernstein, Stair & McAdams, LLP
530 Gay Street, Suite 600
Knoxville, TN 37902
Phone: 865-546-8030
Fax:    865-522-8879

Tennessee Department of Revenue
c/o Kim Y. Jefferson
Assistant Attorney General
Tennessee Attorney General's Office,
    Bankruptcy Division
P.O. Box 20207
Nashville, TN 37202-0207
Phone: 615-532-2504

Priscilla H. Douglas
Office of the General Counsel
California First Leasing Corporation
18201 Von Karman Ave., Suite 800
Irvine, CA 92612
Phone: 949-255-0500
Fax:    949-255-5320

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| APPLIANCE CONTROLS GROUP, INC., *et al.*, | ) | Case No. 04 B 14517 |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | Honorable A. Benjamin Goldgar |
| | ) | |
| | ) | **Hearing Date: September 22, 2004** |
| | ) | **Hearing Time:  9:30 a.m.** |

### FIRST AND FINAL APPLICATION FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES TO QUARLES & BRADY LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

Quarles & Brady LLP ("Q&B"), counsel to the Official Committee of Unsecured

Creditors of Appliance Controls Group, Inc. and Appliance Controls Group Holdings, Inc. (the

"Committee"), hereby requests entry of an Order, pursuant to Sections 330 and 331 of the United

States Bankruptcy Code, 11 U.S.C. §§101 *et seq.* (the "Code"), Rule 2016 of the Federal Rules

of Bankruptcy Procedure ("FRBP"), and this Court's Amended Administrative Order

Establishing Procedures for Interim Compensation and Reimbursement of Expenses of

Professionals (Docket No. 120) (the "Compensation Procedures Order") (i) allowing Q&B a

final award of compensation for services rendered to the Committee and for reimbursement of

expenses incurred in connection therewith for the period from April 8, 2004, through August 15,

2004 (the "Subject Period")[1]; (ii) approving all fees and expense reimbursements paid to Q&B

during the Subject Period pursuant to the Compensation Procedures Order; and (iii) authorizing

---

[1] Although the Debtors' chapter 11 cases commenced on April 12, 2004, Q&B rendered services to the predecessor to the Committee, the *Ad Hoc* Committee (as defined below), in connection with certain first-day motions proposed by the Debtors and shared with Q&B prior to the commencement of the chapter 11 cases.  Therefore, Q&B is including $1,080.00 of prepetition fees, incurred during the period from April 8 through April 11, 2004, within the scope of this Application.

Q&B to apply the Postpetition Retainer (as defined below) to any unpaid portion of all allowed amounts. In support, Q&B states:

## Background

1.     On April 12, 2004 (the "Petition Date"), Appliance Controls Group, Inc., and its parent, Appliance Controls Group Holdings, Inc. (collectively, the "Debtors"), commenced their respective reorganization cases by filing voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§101 *et seq.* (the "Code").

2.     The Debtors remain in possession of their assets and continue to operate their businesses and manage their property as debtors in possession, pursuant to sections 1107 and 1108 of the Code. However, Debtors have noticed for September 8, 2004, a hearing on their motion to convert their cases to ones under chapter 7 of the Code.

3.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

4.     Pre-petition, Q&B was asked to represent an *ad hoc* committee of nine members holding the largest unsecured vendor claims against the Debtors (the "*Ad Hoc* Committee"). In its capacity as counsel to the *Ad Hoc* Committee, Q&B received a prepetition retainer from the Debtors in the amount of $10,000.00 (the "Prepetition Retainer"). Q&B assisted the *Ad Hoc* Committee in negotiating what was to be a restructuring of the Debtors' trade debt. Negotiations culminated in a composition agreement which was disseminated to the full creditor body – approximately 500 entities – for consideration. Creditors holding in excess of 80% of unsecured vendor claims against the Debtor approved the agreement, however, the number was insufficient to bind the Debtors to the restructuring plan. Debtors' inability to operate within their available

financing, combined with the Debtors' and lenders' discouragement with the inability to obtain complete vendor support for a restructuring, were the predicates to the bankruptcy filing.

5.      On April 19, 2004, the Court entered the original version of the Compensation Procedures Order (Docket No. 32). On June 9, 2004, the Court entered the amended version of that order, which is the currently-effective Compensation Procedures Order. A copy of the Compensation Procedures Order is attached hereto as Exhibit A. The Compensation Procedures Order, among other things, established a procedure under which estate professionals may serve monthly statements of fees charged and expenses incurred during such month (each, a "Monthly Statement") upon: (i) the United States Trustee; (ii) the Debtors and their counsel; (iii) counsel to Hilco Capital, LP, one of the Debtors' prepetition and postpetition lenders; (iv) counsel to Fortress Credit Corp., also one of the Debtors' postpetition lenders; and (v) counsel for the Committee. Absent timely objection to a Monthly Statement, counsel submitting such Monthly Statement may be paid 90% of the fees and 100% of the expenses shown in that Monthly Statement, subject to final allowance by the Court. The remaining 10% of the fees are "held back" pending further order of the Court (a "Holdback"). Professionals are not required to apply any retainers to such monthly payments; rather, such payments "augment" any existing retainers. Compensation Procedures Order at 4.

6.      On April 22, 2004, the United States Trustee appointed a statutory committee of unsecured creditors (the "Committee"). Most of the Committee members were members of the *Ad Hoc* Committee. The current members of the Committee are: (i) Alcoa Engineered Products; (ii) Alger Manufacturing Company, Inc.; (iii) Metal-Matic (chair); (iv) Rockford Toolcraft, Inc.; and (v) Small Parts de Mexico. In light of Q&B's prior services to the *Ad Hoc* Committee, and its familiarity with this case, Q&B was asked to represent the Committee post-petition.

-3-

7.     On May 3, 2004, the Court entered an order (Docket No. 66), attached hereto as Exhibit B, authorizing the Committee to retain Faye B. Feinstein and the other attorneys and paraprofessionals of Q&B as counsel, effective as of the Petition Date.

8.     Prior to the Petition Date, Q&B received a total of $30,368.74 from the Debtors for services rendered on behalf of the *Ad Hoc* Committee, comprising $27,641.74 of payments on periodic invoices submitted to the Debtors and $2,727.00 applied from the Prepetition Retainer, leaving $7,273.00 of the Prepetition Retainer still in Q&B's possession as of the Petition Date.

9.     On May 26, 2004, the Court entered an Order (Docket No. 92) authorizing Debtors to pay an additional retainer to Q&B in the amount of $17,720.00, which, when added to the balance of the Prepetition Retainer, provided Q&B with a postpetition retainer in the amount of $24,993.00[2] (the "Postpetition Retainer"), which Q&B is currently holding in a segregated, interest-bearing account, subject to further order of the Court.

10.     Pursuant to the Compensation Procedures Order, Q&B submitted Monthly Statements to the Debtors for the months of April 2004 through July 2004, as shown in the chart below, seeking payment of (a) fees for each month in an amount equal to the amount shown in the Total Fees column less a 10% holdback and (b) expenses for each month in the full amount indicated. Because Q&B's fiscal year will close on September 30, 2004, Q&B is seeking, pursuant to this Application, payment in full (that is, without a Holdback) of fees for services rendered during the period from August 1, 2004, through August 15, 2004, also as shown in the chart below; no separate Monthly Statement has been served in connection with that period.

---

[2] Q&B had requested, and was to have on hand, a Postpetition Retainer in the amount of $25,000. However, due to a typographical error, Q&B requested $7.00 less than what was necessary to bring the Prepetition Retainer up to $25,000.

-4-

| Month (2004) | Total Fees | Expenses | 10% holdback on Fees only | Total paid to Q&B (fees plus expenses) |
|---|---|---|---|---|
| April | 20,211.00 | 901.40 | 2,021.10 | 19,091.30 |
| May | 19,558.00 | 536.68 | 1,955.80 | 18,138.88 |
| June | 24,077.00 | 529.75[3] | 2,407.70 | 22,199.05 |
| July | 12,309.00 | 74.10[4] | 1,230.90 | 0.00 |
| August 1-15 | 785.00 | 0.00[5] | 0.00 | 0.00 |
| Total | 76,940.00 | 2,041.93[6] | 7,615.50 | 59,429.23 |

In its Monthly Statement for the month of July 2004, Q&B requested payment of 90% of the fees

shown in the "Total Fees" column, assuming a holdback of $1,230.90, and 100% of the amount

shown in the "Expenses" column. To date, Q&B has received none of the amounts requested in

its July 2004 Monthly Statement.

        11.    By this Application, Q&B is seeking entry of an order (a) allowing the total fees

and reimbursable expenses incurred by Q&B on behalf of the Committee during the Subject

Period and previously paid, pursuant to the Compensation Procedures Order (such amounts

being attributable only to Q&B's April 2004 through June 2004 Monthly Statements); (b)

allowing the Holdbacks for the months of April 2004 though June 2004, in the amounts shown in

the chart contained in Paragraph 10 above; (c) allowing the total fees shown in that chart for the

month of July 2004 and for the period from August 1 through August 15, 2004; (d) allowing all

reimbursable expenses incurred by Q&B on behalf of the Committee during the Subject Period

and not previously paid pursuant to the Compensation Procedures Order; (e) authorizing Q&B to

---

[3] Expenses for June 2004 were actually $520.75; telecopy charges totaling $9.00 that should not have been billed to the Committee were inadvertently included in Q&B's June 2004 Monthly Statement.

[4] Expenses for July 2004 were actually $68.10; telecopy charges totaling $6.00 that should not have been billed to the Committee were inadvertently included in Q&B's July 2004 Monthly Statement.

[5] Expenses for the month of August 2004 are shown as "$0.00", since disbursements for that month have not yet been posted to Q&B's client accounts.

[6] This figure represents the total expenses for which Q&B sought reimbursement through its Monthly Statements during the Subject Period. After taking account of the adjustments described in footnotes 4 and 5 above, reimbursable expenses for the Subject Period actually total $2,026.93.

-5-

apply the Postpetition Retainer to all allowed but unpaid amounts and to hold the remaining

portion of the Postpetition Retainer for application to fees and costs incurred subsequent to the

Subject Period; and (f) approving all of the amounts described above as final.

### Services Provided by Counsel to the Committee During the Subject Period

12.    During the Subject Period, Q&B devoted a total of 217.90 hours to the

performance of necessary and valuable services on behalf of the Committee.

13.    Attached to this Application as Exhibits C through I, collectively, are itemized

statements of Q&B's services setting forth, by subject matter category (a) a detailed description

of services rendered, on a daily basis, by each timekeeper employed by Q&B who performed

services for the Committee, with the hours spent on such services by each such timekeeper and

the amounts charged therefor; and (b) the total number of hours devoted by each lawyer,

paraprofessional, and other timekeeper to performing services for the Committee in each such

subject matter category and the aggregate value of such services during the Subject Period.

Exhibits C through I were prepared from the time sheets and computer records regularly kept by

Q&B, its attorneys, paraprofessionals, and other timekeepers. Attached to this Application as

Exhibit J is a chart that summarizes, by professional or paraprofessional and by subject matter

category, the hours spent and fees charged by each timekeeper who performed services for the

Committee during the Subject Period. Exhibit J also contains cumulative totals for the entire

Subject Period.

14.    The necessary professional services performed by Q&B for the Committee during

the Subject Period are summarized as follows:

(a)    Compensation of Professionals (Q&B Matter 00004): This category

includes time spent reviewing monthly statements of fees and expenses filed by other

-6-

professionals, preparation for the hearing on Q&B's request for a postpetition retainer, preparation of Q&B's Monthly Statements, and 1.9 hours, totaling $665.00 in fees, spent during the Subject Period preparing this Application.[7] **(Hours: 4.3 / Fees: $1,625.00)**

(b)   First Day Motions (Q&B Matter 00005): During the Subject Period, Q&B reviewed all of the "first day motions" brought by the Debtors, informed the Committee of the nature and extent of Debtors' requests and considered with the Committee what positions should be taken, contacted counsel for the Debtors' lenders regarding same, and appeared in Court at the hearings thereon. On behalf of the Committee, Q&B took positions in opposition to several of those motions, in particular, Debtors' request for DIP financing, and the requests to retain Shepherd Partners and Corporate Revitalization Partners, LLC. Time incurred in connection with those motions is included in the matters described below. **(Hours: 13.8 / Fees: $5,520.00)**

(c)   Sale of Assets (Q&B Matter 00006): From the inception of this case, Debtors' secured lenders required the Debtors to market and sell their assets. In fact, each DIP financing order contained an imposed timetable for the asset disposition. Q&B reviewed and evaluated Debtors' motion for an expedited sale process. Q&B met and conferred with the Committee, and in response to Debtors' sale motion, drafted, filed and presented an emergency motion to appoint an examiner. Q&B appeared at multiple hearings in connection with the sale process and participated with all parties in finalizing the sales procedures order. Q&B reviewed and commented upon several versions of the proposed Asset Purchase Agreement, including the version submitted by Burner Systems, which ultimately became the purchaser. Q&B responded to numerous inquiries from the

---

[7] The remaining time incurred in preparing this Application will appear on Q&B's first post-Subject Period invoice, as described below.

members of the Committee, creditors and Burner Systems regarding the asset sales process and status. Q&B reviewed several objections filed to the asset sale and reviewed and commented upon the proposed sale order. Q&B's major concern, on behalf of the Committee, was that the Debtors not incur additional administrative expenses during the pre-sale notice period, and that the administrative claims of vendors and employees be paid. Q&B was instrumental in obtaining the assurance of Hilco and Fortress that such administrative claims would be provided for. **(Hours: 50.4 / Fees: $17,982.00)**

(d)    DIP Financing (Q&B Matter 00007): Debtors requested two separate rounds of financing. Contemporaneously with the filing of the petition, Debtors requested financing in the total amount of up to approximately $7.2 million from its pre-petition lenders, Transamerica Business Credit Corporation ("Transamerica") and Hilco Capital LP ("Hilco"). On behalf of the Committee, Q&B objected to and negotiated the provisions of the interim DIP financing order and drafted and filed an objection to several provisions of the proposed final financing order, including, Hilco's requested Facility Fee, the lenders' requests for a §506(c) waiver and for an assignment of avoidance actions as collateral, the lenders' request to modify the automatic stay upon default without further order of court, the proposed, aggressive timetable for a sale of Debtors' assets, and the proposed limitation of reclamation rights. Q&B negotiated the provisions of the final financing order with counsel for the Debtors and Hilco, and participated in the hearings thereon. However, not long after, Debtors sought, on an emergency basis, approval of a financing arrangement (the "Final Financing") with Hilco and Fortress Credit Corp. ("Fortress", and together with Hilco, the "Lenders"), which effectively replaced the original financing. On behalf of the Committee, Q&B raised objections to the Final

-8-

Financing, including to the fees to be charged to the Debtors, the "roll-up" of the

prepetition secured debt, the requested §506(c) waiver, a provision shifting the burden to

the Debtors to object to modification of the automatic stay upon default, and the granting

of avoidance actions as collateral. Q&B negotiated the agreed final order with respect to

the Final Financing which, among other things, provided for reduced fees to the estate

and for a carve-out of the avoidance actions for the benefit of unsecured creditors holding

prepetition vendor claims. Q&B also appeared at all of the hearings in connection with

the Final Financing. Also in this category is time incurred by Q&B in reviewing the loan

documents provided by Transamerica and Hilco in order to determine whether any

avoidance action was warranted and communicating with the Committee regarding same.

**(Hours: 92.9 / Fees: $33,044.00)**

(e)    Retention of Professionals (Q&B Matter 00008): Q&B drafted, served

and presented its application for retention, affidavit in support thereof and order thereon.

Q&B also reviewed Debtors' applications to retain Shepherd Partners and Corporate

Revitalization Partners, LLC, discussed same with the Committee, filed limited

objections thereto, and appeared at the hearings thereon. Q&B also reviewed and

appeared on Debtors' application to retain SSG Capital Advisors, L.P., as investment

banker. **(Hours: 36.1 / Fees: $11,857.00)**

(f)    Correspondence and Meetings with Committee (Q&B Matter 00009):

This category includes attendance at the meeting of creditors at which the Committee was

formed, time spent communicating, orally and in writing, with the members of the

Committee regarding both specific issues arising in the Debtors' cases and overall case

status, and time spent attending formal Committee meetings. **(Hours: 10.7 / Fees:**

**$3,970.00)**

(g)    General Administration (Q&B Matter 00010): This category includes
time spent responding to the inquiries of individual creditors regarding the overall status
of the Debtors' cases or regarding specific issues of importance to the inquiring creditors.
It includes time spent reviewing and analyzing the Debtors' schedules of assets and
liabilities, attending the first meeting of creditors convened by the United States Trustee
pursuant to Code §341, and preparing a report on that meeting for the Committee.

This category also contains time spent addressing numerous issues and matters
which do not, by themselves, warrant a separate time-keeping category.  During the
Subject Period, such issues included reviewing and commenting on motions dealing with
the Debtors' executory contracts and leases, a motion to approve a procedure for the sale
of *de minimis* assets, and a motion regarding the payment of certain taxes to the State of
Delaware.

Finally, this category also includes time spent on the basic organizational tasks
necessary to time-effective management of a bankruptcy case, including maintaining and
updating multiple service lists for various types of pleadings, monitoring deadlines and
hearing dates in the cases, and seeing to the filing and service of papers and orders.

**(Hours: 9.7 / Fees: $2,942.00)**

15.    Q&B has attempted to identify its services and record the time spent thereon in a
manner which would most clearly and accurately explain and segregate by project the services it
rendered.  However, because conferences, telephone conversations, and court appearances often
involved multiple subjects, and because some tasks might fairly be classified in more than one

-10-

category, strict segregation by category was not always possible. Any misclassification of time is inadvertent.

16.     The hourly rates charged by Q&B for services rendered to the Committee are the usual and customary hourly rates charged during the Subject Period for similar work performed for others of its clients. In setting rates, Q&B assumes that its bills will be rendered and paid in full on a regular basis in accordance with normal professional practices and that all expenses incurred will be promptly reimbursed.

17.     Attached hereto as Exhibit K is a table setting forth, for each attorney and paraprofessional who performed services for the Committee during the Subject Period, his or her position and primary area of practice and the office of Q&B in which he or she is resident.

18.     Based upon the time, nature, extent, and value of the described professional services, the responsibilities assumed by Q&B herein, the results achieved to date, and Q&B's experience and expertise in corporate reorganizations and in bankruptcy law, the fair value of the services rendered during the Subject Period, based upon Q&B's customary rates then in effect, is not less than $76,940.00 (the "Subject Period Fees").

19.     As noted above, the Compensation Procedures Order permits Debtors, subject to certain procedures, to pay to Q&B, as Committee's counsel, 90% of Q&B's monthly fees, with a 10% Holdback. As of the date of this Application, Q&B has received $57,461.40 of its Subject Period Fees in connection with its Monthly Statements for April 8, 2004, through June 30, 2004, leaving unpaid the sum of $19,478.60, as follows: (a) $6,384.60, representing the aggregate Holdback for April 2004 through June 2004; (b) $12,309.00, representing all of the fees for services rendered during the month of July 2004; and (c) $785.00, representing all of the fees for services rendered during the period from August 1 through August 15, 2004.

-11-

20.    Q&B requests that the Court allow, as final, the total amount of the Subject Period Fees and that Q&B be authorized to apply the Postpetition Retainer to its aggregate unpaid fees in the total amount of $19,478.60.

21.    In addition to the time expended by Q&B in its representation of the Committee, Q&B incurred actual and necessary costs and expenses on behalf of the Committee during the Subject Period in the amount of $2,026.93 (the "Subject Period Expenses"), as itemized on Exhibit L attached hereto.[8]    Q&B has received all but $59.10 of its Subject Period Expenses pursuant to its Monthly Statements made under the Compensation Procedures Order.[9]  The outstanding amount owed to Q&B represents expenses in the amount of $74.10 requested in Q&B's Monthly Statement for the month of July 2004, which have not yet been paid, *reduced by* total adjustments in the amount of $15.00, as described in footnotes 3 and 4 above.

22.    Q&B requests that the total amount of the Subject Period Expenses be allowed, as final, and that Q&B be authorized to apply the Postpetition Retainer to its unpaid expenses in the amount of $59.10.

## Staffing of Debtors' Matters

23.    As the Exhibits to the Application indicate, Q&B has staffed the Committee's matters efficiently: one attorney accounts for nearly 50% of all of the hours expended by Q&B on the Committee's matters during the Subject Period, with two associates accounting for the majority of the remaining hours.

---

[8]Q&B charged a flat rate of ten cents ($0.10) per page for photocopies and sixty cents ($0.60) per page for outgoing telecopies; Q&B did not charge for incoming telecopies.  Q&B does not include overhead in its charges for overnight shipments or on-line research; Q&B directly passes through those charges to its clients.

[9] Q&B's expenses incurred during the month of August will appear on its first post-Subject Period invoice, as described below.

-12-

24.    Every attempt has been made to avoid duplication of services; when more than one attorney participated in any matter or hearing, such joint participation was necessary because of the complexity of the legal issues involved, the division of responsibilities among counsel, the various legal disciplines required, or the need to familiarize a person with such matters so that he or she could independently perform further necessary work thereon.

## Compliance with Code and FRBP

25.    All of the services and expenses for which compensation and reimbursement are hereby requested were rendered and incurred solely on behalf of the Committee and not on behalf of any other entity. All such services are compensable pursuant to Code §§330 and 331.

26.    No agreement exists between Q&B and any person for the sharing of compensation received in connection with these cases except as allowed by Code §504(b) and FRBP 2016 with respect to sharing of compensation among members and regular associates of Q&B.

## Fees and Expenses Incurred by Q&B Subsequent to the Subject Period

27.    Q&B anticipates that it will be owed an amount for fees and reimbursable expenses incurred following the Subject Period, primarily in connection with (a) completing this Application and preparing for and attending the hearing thereon; (b) seeing to the prosecution of avoidance actions on terms favorable to the estates; and (c) addressing with the Committee and appearing on Debtors' motion to convert.

28.    The order entered in connection with the Final Financing provided for a carve-out from the Lenders' collateral in favor of counsel for the Committee in the amount of $70,000; during the continuance of an Event of Default or following a default by Debtors under the terms

-13-

of the Final Financing, Q&B must first apply the Postpetition Retainer to any outstanding amounts owed to Q&B, after which payments to Q&B reduce the carve-out dollar for dollar.

29.    Payment of all amounts requested in this Application will come solely from the collateral of the Debtors' secured lenders. Moreover, the amounts requested herein total less than the Postpetition Retainer and do not exceed the carve-out, and Q&B does not anticipate exceeding the carve-out as a result of fees charged and costs incurred after the Subject Period.

30.    For the above reasons, Q&B proposes to submit invoices for services rendered and expenses incurred subsequent to the Subject Period directly to Hilco, as agent for the Lenders (with a copy to the Debtors or to the chapter 7 trustee of Debtors' estates), for full and final payment, without filing or serving the same and without filing any further fee applications.

### Notice

31.    Q&B has served a full copy of this Application, along with notice of the hearing thereon, on twenty (20) days' notice by first-class mail upon the following: (a) the Debtors and their counsel, (b) counsel to the United States Trustee; (c) counsel to the Hilco; (d) counsel to Fortress Capital Corp.; (e) each member of the Committee; (f) all parties whose motions requesting receipt of notices in Debtors' cases have been granted by order of the Court; and (g) each of the creditors on the consolidated list of the twenty-eight (28) largest unsecured creditors of the Debtors, as filed by the Debtors in their chapter 11 cases, not already included in the service categories described above.[10]

32.    FRBP 2002(i) authorizes the Court to limit service of notice of this Application to the United States Trustee, any appointed committees, and those creditors and equity security holders who have requested notice. Nonetheless, the Committee has served the Application

---

[10] One of the entities described in Paragraph 31(g) has a mailing address in Taiwan. Service was effected on that entity via United States Air Mail.

QBCHI\383532.2

(with Exhibits) upon, among others, each member of the Committee and each of the other creditors that Debtors have identified as holding among the twenty-eight largest unsecured claims against them (on a consolidated basis). Moreover, as described above, all amounts paid to Q&B, as Committee counsel, during the Subject Period were paid from funds that were cash collateral of the Debtors' prepetition and/or postpetition lenders and were paid pursuant to an agreed carve-out from that collateral, which was authorized by this Court in the financing orders.

33. Given the above facts, the Committee respectfully submits that the cost of providing any broader notice of this Application would not be justified and asks that the Court approve the notice given as sufficient.

WHEREFORE, Quarles & Brady LLP respectfully requests entry of an Order, in the form attached hereto as Exhibit M:

A. Finding that reasonable compensation for actual and necessary legal services rendered by Q&B to the Committee during the Subject Period is the sum of $76,940.00 and allowing Q&B compensation for the Subject Period in that amount;

B. Allowing Q&B reimbursement for actual and necessary expenses incurred on behalf of the Committee in connection with such legal services during the Subject Period in the sum of $2,026.93;

C. Authorizing Q&B to apply the Postpetition Retainer to allowed but unpaid amounts in the sum of $19,537.70, constituting (i) the Holdbacks for the months of April 2004 through June 2004 in the total amount of $6,384.60; (ii) $12,309.00 for services rendered to the Committee during the month of July 2004; (iii) $785.00 for services rendered to the Committee for the period from August 1, 2004, through August 15, 2004; and (iv) $59.10 for Subject Period Expenses not previously paid to Q&B under the Compensation Procedures Order.

-15-

D.     Allowing in full all amounts previously paid to Q&B pursuant to the Compensation Procedures Order during the Subject Period;

E.     Approving as final all amounts awarded to Q&B hereunder, whether paid prior or subsequent to entry of the Order granting this Application;

F.     Authorizing Q&B to submit invoices directly to the Debtors or to a trustee of the Debtors' estates and to Hilco for legal services rendered and to be rendered and expenses incurred and to be incurred after the Subject Period, for full and final payment without further Court order;

G.     Authorizing Q&B to hold the remainder of the Postpetition Retainer for application to fees and costs incurred after the Subject Period;

H.     Approving notice of this Application as sufficient and finding that no other or further notice is required; and

I.     Granting such other and further relief as this Court deems appropriate.

DATED: September 2, 2004                    QUARLES & BRADY LLP

By: _____
One of its Attorneys

Faye B. Feinstein (ARDC No. 06186627)
Christopher Combest (ARDC No. 06224701)
QUARLES & BRADY LLP
500 West Madison Street, Suite 3700
Chicago, Illinois 60661
Phone: 312-715-5000

-16-

**A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| APPLIANCE CONTROLS GROUP, INC. | ) | Case No. 04-14517 |
| et al., | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | Judge A. Benjamin Goldgar |

## AMENDED ADMINISTRATIVE ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS

Upon consideration of the motion (the "Motion")[1] of Appliance Controls Group, Inc. and

Appliance Control Group Holdings, Inc. (collectively, the "Debtors") 11 U.S.C. §§ 105(a) and

331 establishing amended procedures for interim compensation and reimbursement of expenses

of Professionals specifically retained by order of this Court; this court having determined that

granting the relief requested in this Motion is in the best interests of the Debtors, their estates,

and creditors; and it appearing that notice of the Motion was good and sufficient under the

particular circumstances and that no other or further notice need be given; and upon the record

herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is

hereby

ORDERED that Motion is granted; and it is further

---

[1] Unless otherwise defined, capitalized terms herein carry the same meaning ascribed to them in the Motion.

{A0067186.DOC}

ORDERED that except as may otherwise be provided in court orders authorizing the retention of specific professionals, the Professionals in these cases may seek interim compensation in accordance with the following procedures:

a. On or before the 15th day of the month following the month for which compensation is sought (the "Monthly Statement Date"), each Professional will submit a monthly statement to: (i) the Debtors, Appliance Controls Group, Inc., 1833 Centre Point Circle, Suite 103, Naperville, IL 60563, fax: (630) 799-0271 (Attn: Thomas S. O'Donoghue); (ii) general reorganization counsel to the Debtors, Shaw Gussis Fishman Glantz Wolfson & Towbin LLC, 321 N. Clark Street, Suite 800, Chicago, Illinois 60610 (Attn: Robert M. Fishman and Allen J. Guon); (iii) counsel to Hilco Capital, LP, Vedder Price Kaufman & Kammholz PC, 222 N. LaSalle, Suite 2600, Chicago, IL 60601 (Attn: Michael Eidelman); (iv) counsel for Fortress Credit Corp., Schulte, Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022, fax: (212) 593-5955 (Attn: Eliot L. Relles) (v) Counsel for the Committee, Quarles & Brady, LLC, 500 West Madison St., Suite 3700, Chicago, IL 60661, fax: (312) 715-5155 (Attn: Faye B. Feinstein); and (vi) the Office of the United States Trustee, 227 West Monroe Street, Suite 3350, Chicago, Illinois 60606 (Attn: Roman Sukley). (The parties identified in (i) through (vi) above collectively referred to as the "Notice Parties"). Each entity receiving such a statement will have ten (10) days after the Monthly Statement Date to review the statement.

b. At the expiration of the ten (10) day period, the Debtors will promptly pay ninety percent (90%) of the fees and one hundred percent (100%) of the expenses requested in such statement, except such fees or expenses as to which an objection has been served as provided in paragraph (c) below.

{A0067186.DOC}

2

c.    In the event that any of the Notice Parties has an objection to the compensation or reimbursement sought in a particular statement, the Notice Party shall, within ten (10) days of the Monthly Statement Date, serve upon the other Notice Parties and the Professional to which the objection is targeted, a written "Notice of Objection to Fee Statement" setting forth the precise nature of the objection and the amount at issue. Thereafter, the objecting party and the affected Professional shall attempt to reach an agreement regarding the correct payment to be made. If the parties are unable to reach an agreement on the objection within seven (7) days after receipt of such objection, the objecting party may file its objection with the court and serve such objection on the parties listed above and the court shall consider and dispose of the objection at the next interim fee application hearing, or earlier if requested by any party. The Debtors will be required to pay promptly those fees and expenses that are not the subject of a Notice of Objection to Fee Statement.

d.    Approximately every four (4) months, each of the Professionals shall file with the court and serve on the Notice Parties, on or before the 45th day following the last day of the compensation period for which compensation is sought, an application for interim court approval and allowance, pursuant to 11 U.S.C. § 331, of the compensation and reimbursement of expenses requested for the prior four (4) months.    Any Professional who fails to file an application when due shall be ineligible to receive further interim payments of fees or expenses as provided herein until such time as the application is submitted.

e.    The pendency of an application for a court order for compensation or reimbursement of expenses, and the pendency of any Notice of Objection to Fee Statement or other objection, shall not disqualify a Professional from the future payment

{A0067186.DOC}

3

of compensation or reimbursement of expenses as set forth above. Neither the payment of, nor the failure to pay, in whole or in part, monthly interim compensation and reimbursement as provided herein shall bind any party in interest or this court with respect to the final allowance of applications for compensation and reimbursement of Professionals; and it is hereby further

ORDERED that the monthly payments made pursuant to this Order shall be provisional in nature and consequently shall be subject to further order of this Court as part of the interim fee application process that is also contemplated in this Order. Until compensation and expense reimbursement is allowed pursuant to that interim fee application procedure, the monthly payments shall augment and be held with any existing retainers that the Professionals hold; it is hereby further

ORDERED that each member of the Committee shall be permitted to submit statements of expenses and supporting vouchers to counsel for the Committee who shall collect and submit such requests for reimbursement in accordance with the foregoing procedure for monthly and interim compensation and reimbursement of Professionals.

ENTER:

Dated: **JUN - 9 2004**

United States Bankruptcy Judge

**_Prepared By_:**
Allen J. Guon (ARDC #6244526)
SHAW GUSSIS FISHMAN GLANTZ
  WOLFSON & TOWBIN LLC
321 N. Clark Street, Suite 800
Chicago, IL 60610
Telephone: (312) 541-0151

{A0067186.DOC}

4

**B**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| APPLIANCE CONTROLS GROUP, INC. et al., | ) | Case No. 04 B 14517 |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors-in-Possession. | ) | Honorable A. Benjamin Goldgar |
| | ) | |
| | ) | |

## ORDER

THIS CAUSE, coming to be heard on the Application of Official Committee of

Unsecured Creditors to Retain Quarles & Brady LLP as Counsel (the "Application," all

capitalized terms herein shall have the meanings ascribed to them in the Application); due notice

of the Application having been given to all parties entitled thereto; and the Court being fully

advised in the premises;

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

A.     The Application is GRANTED;

B.     Quarles & Brady LLP shall be compensated in accordance with this Court's

Administrative Order of April 19, 2004 establishing procedures for interim compensation and

reimbursement of professionals;

C.     Pursuant to 11 U.S.C. § 1103, the Official Committee of Unsecured Creditors of

Appliance Controls Group, Inc., et al. is authorized to retain Quarles & Brady LLP as counsel,

effective as of the Petition Date;

D.     All parties in interest and the United States Trustee are hereby directed to serve

copies of all complaints, answers, and other pleadings, motions, applications, responses, claims,

- 1 -

notices and other papers, either filed or served in connection with these cases, on counsel for the

Committee at the following address:

> Faye B. Feinstein
> Christopher Combest
> Brandy A. Sargent
> Quarles & Brady LLP
> 500 West Madison, Suite 3700
> Chicago, IL 60661
> (312) 715-5000
> Fax: (312) 715-5155

    E.    On May $\underline{26}$, 2004 at $\underline{10\ a}$ .m., the Court shall hold a hearing (the "Hearing")

to approve the proposed Postpetition Retainer; and

    F.    Quarles & Brady LLP shall serve notice of the Hearing on the United States

Trustee, counsel to the Debtors, counsel to Debtors' secured lenders, the United States Attorney,

each of the creditors on the consolidated list of the twenty-eight largest unsecured creditors of

the Debtors, and all other parties requesting service of notices in these cases by May $\underline{6}$, 2004.

DATED: May $\underline{3}$, 2004

                     ENTER:

                     Honorable A. Benjamin Goldgar
                     United States Bankruptcy Judge

QBCHI\371834.1

- 2 -

C

Harper-Wyman Creditors' Committee
Re: Compensation of Professionals
Quarles & Brady Matter Number: 122840.00004

August 27, 2004
Invoice Number: ******
Page 11

| Date | Description | Professional | Hours | Amount |
|------|-------------|--------------|-------|--------|
| 05/10/04 | Revise and transmit fee request. | FFEINSTE | 0.50 | 200.00 |
| 05/25/04 | Conference with B. Sargent regarding appearing in court tomorrow on Q&B retainer (.2); revise order allowing same (.2). | FFEINSTE | 0.40 | 160.00 |
| 05/27/04 | Email to Debtor's counsel regarding retainer (.1). | FFEINSTE | 0.10 | 40.00 |
| 05/28/04 | Review Shaw Gussis fee request. | FFEINSTE | 0.20 | 80.00 |
| 06/04/04 | Review motion to enter amended administrative fee order (.1). | FFEINSTE | 0.10 | 40.00 |
| 06/18/04 | Review objection to Shepherd fees (.1). | FFEINSTE | 0.10 | 40.00 |
| 07/06/04 | Complete review of lenders' fee requests and review Shepherd fee request. | FFEINSTE | 0.80 | 320.00 |
| 07/08/04 | Revise and transmit monthly fee request. | FFEINSTE | 0.20 | 80.00 |
| 08/06/04 | Preliminary work on narrative to first fee application. | CCOMBEST | 0.40 | 140.00 |
| 08/11/04 | Work on narrative for first interim fee application. | CCOMBEST | 0.50 | 175.00 |
| 08/12/04 | Work on narrative portion of first interim fee application (0.5); work on exhibits regarding analysis of fees and hours (0.5). | CCOMBEST | 1.00 | 350.00 |

**FEE SUMMARY:**

| ID | Name | Hours | Rate | Amount |
|----|------|-------|------|--------|
| CCOMBEST | Christopher Combest | 1.90 | 350.00 | 665.00 |
| FFEINSTE | Faye B. Feinstein | 2.40 | 400.00 | 960.00 |
| Totals | | 4.30 | | 1,625.00 |

Total Fees:                    $        1,625.00

**D**

Harper-Wyman Creditors' Committee
Re: First Day Motions
Quarles & Brady  Matter Number: 122840.00005

August 27, 2004
Invoice Number: ******
Page 12

| Date | Description | Professional | Hours | Amount |
|------|-------------|--------------|-------|--------|
| 04/08/04 | Telephone conference with Tom O' Donohue regarding Harper Wyman. | MCOHEN | 0.30 | 120.00 |
| 04/09/04 | Telephone call with Eidelman regarding status (.2); telephone call with Fishman regarding upcoming filing (.2). | FFEINSTE | 0.40 | 160.00 |
| 04/11/04 | Review first day orders/motions. | FFEINSTE | 2.00 | 800.00 |
| 04/12/04 | Telephone call with Debtor's counsel regarding DIP order (5); telephone call with lenders' counsel regarding same (.5); telephone call with Tom and S. Mertz regarding status (.5); telephone call with Debtor's counsel regarding cases being filed (.1); review revised versions of DIP order (.8). | FFEINSTE | 2.40 | 960.00 |
| 04/13/04 | Telephone conference with Eidelman (.2); telephone conference with T. Jackson (.2) - all regarding 1st day orders; prepare for and to Court regarding same (3.0). | FFEINSTE | 3.40 | 1,360.00 |
| 04/14/04 | Conference call with ad hoc committee to report on status of 1st Day Orders. | FFEINSTE | 1.60 | 640.00 |
| 04/15/04 | Review Interim Order regarding CRP retention (.2); telephone conference with A. Guon regarding same (.2); review U.S. Trustee notice to creditors and telephone conference with Roman regarding same (.2). | FFEINSTE | 0.60 | 240.00 |
| 04/16/04 | Review motions scheduled for Monday - e-mail to committee regarding same (1.0); voicemail to A. Guon regarding same (.1). | FFEINSTE | 1.10 | 440.00 |
| 04/19/04 | To court regarding Debtor's motions to retain counsel, set up admin. fee procedure, lease rejection, etc. (.8); begin to review debtor's motion to retain Shepherd Partners (.2); draft letter to Debtor's counsel requesting documents and adjustment to budget (1.0). | FFEINSTE | 2.00 | 800.00 |

Harper-Wyman Creditors' Committee
Re: First Day Motions
Quarles & Brady Matter Number: 122840.00005

August 27, 2004
Invoice Number: ******
Page 13

**FEE SUMMARY:**

| ID | Name | Hours | Rate | Amount |
|---|---|---|---|---|
| FFEINSTE | Faye B. Feinstein | 13.50 | 400.00 | 5,400.00 |
| MCOHEN | Melanie Rovner Cohen | 0.30 | 400.00 | 120.00 |
| Totals | | 13.80 | | 5,520.00 |

Total Fees:                               $        5,520.00

E



Harper-Wyman Creditors' Committee
Re: Sale of Assets
Quarles & Brady  Matter Number: 122840.00006

August 27, 2004
Invoice Number: ******
Page 14

| Date | Description | Professional | Hours | Amount |
|------|-------------|--------------|-------|--------|
| 05/28/04 | Review motion for authority to sell deminimis assets without further court order (.3); email to Debtors' counsel regarding same (.2). | FFEINSTE | 0.50 | 200.00 |
| 06/21/04 | Telephone call with Bob Glantz regarding expedited sale and procedures (.3); email to committee regarding same (.3); review and consider motion eregardingsame (.8); conference with M. Cohen regarding appearing on same (.2). | FFEINSTE | 1.60 | 640.00 |
| 06/22/04 | Consider emergency motion to appoint examiner and conference with J. Kleinman regarding drafting same (.4); draft and file same (3.5). | FFEINSTE | 3.90 | 1,560.00 |
| 06/22/04 | Meet with F. Feinstein regarding motion to appoint examiner; review DIP loan agreement and order; Draft and revise Emergency Motion; Telephone conference with J. Collister re: emergency filing; file motion. | JKLEINMA | 6.80 | 1,768.00 |
| 06/23/04 | Telephone call with M. Cohen regarding morning hearing (.3); prepare for and attend continued hearing on sale procedures (1.5). | FFEINSTE | 1.80 | 720.00 |
| 06/23/04 | Review status regarding examiner (.6); conferences with M. Cohen and F. Feinstein regarding same (.3); research regarding same (.4). | BSARGENT | 1.30 | 338.00 |
| 06/23/04 | Meet with M. Cohen re: requirements for mandatory appointment of an examiner (0.30); research claims filed against debtor and prepare summary for M. Cohen (1.0). | JKLEINMA | 1.30 | 338.00 |
| 06/23/04 | Attend court hearing on motion to appoint an examiner. | JKLEINMA | 1.80 | 468.00 |
| 06/27/04 | Review sales procedures order. | FFEINSTE | 0.40 | 160.00 |
| 06/28/04 | Telephone call with Glantz and Eidelman regarding sale procedures order (.4); review revised order (.4); telephone call with Glantz regarding purchase agreement (.2); telephone call with Eidelman (several) regarding Procedures Order (1.3). | FFEINSTE | 2.30 | 920.00 |
| 06/29/04 | Review several versions of revised sales procedures (.6); multiple telephone calls with Eidelman regarding same (1.0). | FFEINSTE | 1.60 | 640.00 |

Harper-Wyman Creditors' Committee
Re: Sale of Assets
Quarles & Brady  Matter Number: 122840.00006

August 27, 2004
Invoice Number: ******
Page 15

| Date | Description | Professional | Hours | Amount |
|------|-------------|--------------|-------|--------|
| 06/30/04 | Conference with M. Cohen prior to her appearing in court regarding changes needed to Procedures Order (.2); conference with M. Cohen thereafter (lengthy) regarding entry of order and APA (.5); review draft APA (2.0); conference call with O'Donoghue and Glantz (.5) regarding APA. | FFEINSTE | 3.20 | 1,280.00 |
| 07/01/04 | Review revisions to APA and exchange email with Glantz regarding same. | FFEINSTE | 1.40 | 560.00 |
| 07/01/04 | Conference with F. Feinstein regarding various vendor issues in APA and contradiction of order. | MCOHEN | 0.30 | 120.00 |
| 07/02/04 | Review final APA (.3); telephone call from prospective purchaser (.4); telephone call with creditor regarding notice of sale and status of case (.3). | FFEINSTE | 1.00 | 400.00 |
| 07/06/04 | Telephone call with Glantz regarding status of sale (.2); begin to review APA-Burner Systems (.8); to court regarding preliminary hearing on sale (1.2). | FFEINSTE | 2.20 | 880.00 |
| 07/07/04 | Several telephone calls with Glantz regarding status of sale (.5); continue review of purchase agreement - Burner Systems (.5); telephone call from counsel for Rogers Metal regarding status of sale (.2); telephone call with counsel for Burner Systems (.3); several telephone calls with Eidelman regarding status of sale (.4). | FFEINSTE | 1.90 | 760.00 |
| 07/08/04 | Review 2 drafts of order rescheduling auction and e-mail to Debtor's counsel regarding same (.2); telephone call with counsel for Wolverine regarding status of sale proceedings (.2); telephone call with Eidelman regarding status (.2). | FFEINSTE | 0.60 | 240.00 |
| 07/12/04 | Telephone call with Eidelman two times (.2); telephone call with Glantz two times (.2); review Wolverine objection to sale (.1); telephone call with Debra Thorne (.1). | FFEINSTE | 0.60 | 240.00 |
| 07/13/04 | Telephone call with M. Eidelman (.1); e-mail to M. Eidelman and Glantz regarding further extensions of credit (.1); exchange e-mail with Committee Chair regarding status of sale (.2). | FFEINSTE | 0.40 | 160.00 |
| 07/14/04 | Review order continuing sale (.1); telephone call with Eidelman regarding same(.1). | FFEINSTE | 0.20 | 80.00 |

Harper-Wyman Creditors' Committee
Re: Sale of Assets
Quarles & Brady Matter Number: 122840.00006

August 27, 2004
Invoice Number: ******
Page 16

| Date | Description | Professional | Hours | Amount |
|------|-------------|--------------|-------|--------|
| 07/15/04 | Telephone call with committee chair regarding status (.3); review Dillard objection to sale (.2); review Motion to Assume and Assign Contracts (.1). | FFEINSTE | 0.60 | 240.00 |
| 07/16/04 | Consultation with F. Feinstein regarding July 19 sale hearing and status and issues regarding same (0.2); exchange multiple e-mail messages with R. Glantz regarding status of hearing and changes to asset purchase agreement (0.3 total); preliminary review of revised asset purchase agreement (0.5). | CCOMBEST | 1.00 | 350.00 |
| 07/18/04 | Compare current revisions of APA received July 16 and July 18 to each other and to filed version to evaluate effect of changes on Committee's interests (1.4); review July 18 version of APA (1.5); consider objections for sale hearing (0.6). | CCOMBEST | 3.50 | 1,225.00 |
| 07/19/04 | Conference with F. Feinstein and C. Combest regarding sale (.5); conference with C. Combest regarding testimony and document changes (.4); conference with C. Combest regarding objections (.3); several conferences with C. Combest from court (.6). | MCOHEN | 1.80 | 720.00 |
| 07/19/04 | Continue review of APA and related documents regarding Committee position on same (1.0); consultation with F. Feinstein regarding same (0.2); draft two detailed e-mail memoranda to M. Eidelman (Hilco) and R. Glantz (Debtors) regarding Committee concerns regarding sale (1.5 total); telephone conference with M. Eidelman, R. Glantz, C. Lonstein, and T. O'Donoghue regarding same (0.3); review related pleadings regarding objection and history of sale procedures order (0.4); review proposed sale order (0.5); draft e-mail memorandum to R. Glantz regarding requested changes to same (0.3); consultations with M. Cohen regarding strategy (0.3); prepare for and attend sale hearing, including negotiation of changes to APA with buyer's counsel, Hilco's counsel, and Debtors' counsel (2.5); draft detailed memorandum to F. Feinstein regarding outcome and status (0.5). | CCOMBEST | 7.50 | 2,625.00 |
| 07/19/04 | Review e-mail (x2) from C. Combest regarding problems with APA (.2); telephone call with C. Combest regarding same (.2). | FFEINSTE | 0.40 | 160.00 |

Harper-Wyman Creditors' Committee
Re: Sale of Assets
Quarles & Brady Matter Number: 122840.00006

August 27, 2004
Invoice Number: ******
Page 17

| Date | Description | Professional | Hours | Amount |
|------|-------------|--------------|-------|--------|
| 07/21/04 | Consultation with F. Feinstein regarding July 19 sale hearing. | CCOMBEST | 0.20 | 70.00 |
| 07/21/04 | Conference with C. Combest regarding last week's sale hearing and memo to Committee. | FFEINSTE | 0.30 | 120.00 |

**FEE SUMMARY:**

| ID | Name | Hours | Rate | Amount |
|----|------|-------|------|--------|
| CCOMBEST | Christopher Combest | 12.20 | 350.00 | 4,270.00 |
| FFEINSTE | Faye B. Feinstein | 24.90 | 400.00 | 9,960.00 |
| MCOHEN | Melanie Rovner Cohen | 2.10 | 400.00 | 840.00 |
| BSARGENT | Brandy A. Sargent | 1.30 | 260.00 | 338.00 |
| JKLEINMA | Jeremy C. Kleinman | 9.90 | 260.00 | 2,574.00 |
| Totals | | 50.40 | | 17,982.00 |

Total Fees:       $     17,982.00

F

Harper-Wyman Creditors' Committee
Re: DIP Financing
Quarles & Brady Matter Number: 122840.00007

August 27, 2004
Invoice Number: ******
Page 18

| Date | Description | Professional | Hours | Amount |
|------|-------------|--------------|-------|--------|
| 04/22/04 | Conference with B. Sargent regarding drafting objection to DIP financing order and retention motion. | FFEINSTE | 0.30 | 120.00 |
| 04/23/04 | Telephone call with Eidelman (.2); conference with B. Sargent regarding objection to DIP Financing Order (.2). | FFEINSTE | 0.40 | 160.00 |
| 04/26/04 | Research 506(c), preference, and DIP financing issues for objection to DIP order (1.8); draft objection regarding same (2.4). | BSARGENT | 4.20 | 1,092.00 |
| 04/27/04 | Revise objection to DIP Financing Order (.7); telephone call with Eidelman (.1). | FFEINSTE | 0.80 | 320.00 |
| 04/28/04 | Edit objection to DIP order (1.2); finalize research regarding same (.6); work on service list regarding same (.5); see to filing and service of same (.2). | BSARGENT | 2.50 | 650.00 |
| 04/28/04 | Finalize objection to final DIP order (.4). | FFEINSTE | 0.40 | 160.00 |
| 04/29/04 | Telephone call with Eidelman regarding status and continuation of hearing. | FFEINSTE | 0.30 | 120.00 |
| 05/03/04 | Review order continuing hearing on DIP financing and voicemail to debtor's counsel regarding same. | FFEINSTE | 0.10 | 40.00 |
| 05/04/04 | Telephone call with Eidelman regarding status of DIP financing (.3). | FFEINSTE | 0.30 | 120.00 |
| 05/05/04 | Conference with MME regarding court hearing timing (.2); begin review of documents (.7); telephone conference with Michael (3x) (.6); lengthy conversation with Hilco, CRP, Eidelman and Fortras regarding terms (.8); conference with FBF (2x) regarding liquidation analyses (.5). | MCOHEN | 2.80 | 1,120.00 |
| 05/05/04 | Review cover email from Eidelman (.1); several telephone calls with M. Cohen regarding new DIP financing (.0); voicemail to Fishman regarding same (.0); review budget provided by Fishman (.3). | FFEINSTE | 0.40 | 160.00 |

Harper-Wyman Creditors' Committee  
Re: DIP Financing  
Quarles & Brady  Matter Number: 122840.00007

August 27, 2004  
Invoice Number: ******  
Page 19

| Date | Description | Professional | Hours | Amount |
|------|-------------|--------------|-------|--------|
| 05/06/04 | Telephone call with Eidelman (.3); telephone call with Fishman (.3); conference with M. Cohen regarding yesterday's developments (.3) - all regarding DIP financing issues; to court regarding same (1.6). | FFEINSTE | 2.50 | 1,000.00 |
| 05/06/04 | Telephone conferences with M. Eidelman (3x) regarding DIP Financing (1.0); conference with FBF regarding deal structure, new financing, discovery and alternatives (.3); creditors committee call and meeting (.7); review documents regarding DIP Financing (.5). | MCOHEN | 2.50 | 1,000.00 |
| 05/06/04 | Meet with F. Feinstein to discuss possible committee objection to substitute DIP Financing Order. | JKLEINMA | 0.40 | 104.00 |
| 05/06/04 | Research relating to possible committee objection to substitute DIP Financing motion. | JKLEINMA | 1.60 | 416.00 |
| 05/07/04 | Conference with J. Kleinman regarding research in connection with new DIP financing (.2); begin to review emergency motion (1.2); telephone call with Fishman regarding same (.3); voicemail to Eidelman regarding same (.0). | FFEINSTE | 1.70 | 680.00 |
| 05/08/04 | Research related to possible objection to substitute Debtor in Possession financing. | JKLEINMA | 1.80 | 468.00 |
| 05/09/04 | Review emergency motion for substitute DIP financing, order regarding same and loan documents. | FFEINSTE | 4.00 | 1,600.00 |
| 05/10/04 | Telephone call with Eidelman regarding DIP Financing (.3); draft letter regarding concerns with regard to DIP Financing (2.5); exchange email with committee regarding same (.3); review information received from T. O'Donohue (.4); and telephone call with Tom regarding same (.3). | FFEINSTE | 3.80 | 1,520.00 |
| 05/10/04 | Continue research on possible objection to substitute DIP lending (0.5); Draft memorandum to F. Feinstein regarding possible objection to substitute DIP Financing Order (3.1) | JKLEINMA | 3.60 | 936.00 |
| 05/11/04 | Conference with FBF regarding objection issues. | MCOHEN | 0.20 | 80.00 |

Harper-Wyman Creditors' Committee
Re: DIP Financing
Quarles & Brady Matter Number: 122840.00007

August 27, 2004
Invoice Number: ******
Page 20

| Date | Description | Professional | Hours | Amount |
|------|-------------|--------------|-------|--------|
| 05/11/04 | Draft objection to DIP financing (4.1); numerous telephone calls with Eidelman regarding same (.8); conference call -- all parties regarding same (1.0); conference call with committee regarding same (1.0). | FFEINSTE | 6.90 | 2,760.00 |
| 05/11/04 | Research regarding limitations on DIP financing in 7th circuit. | BSARGENT | 0.80 | 208.00 |
| 05/11/04 | Review Hilco loan documents. | BSARGENT | 0.80 | 208.00 |
| 05/12/04 | Prepare for and to court regarding DIP financing hearing (1.5); meetings with Fishman and Eidelman regarding revisions to Loan Agreement and Order (2.0); review revisions to same (1.0). | FFEINSTE | 4.50 | 1,800.00 |
| 05/18/04 | Review notice of final dip financing hearing (.1); voicemail to Fishman regarding same (.1). | FFEINSTE | 0.20 | 80.00 |
| 05/19/04 | Telephone call with Fishman regarding final DIP financing order (.2); telephone call with Eidelman regarding same and regarding inserting provision regarding avoidance actions (.2). | FFEINSTE | 0.40 | 160.00 |
| 05/21/04 | Begin to draft insert to DIP financing order regarding avoidance actions (.2). | FFEINSTE | 0.20 | 80.00 |
| 05/24/04 | Draft inserts to final DIP order regarding avoidance actions. | FFEINSTE | 0.70 | 280.00 |
| 05/25/04 | Conference with F. Feinstein regarding review of lender documents. | BSARGENT | 0.30 | 78.00 |
| 05/25/04 | Conference with B.Sargent regarding analysis of Lenders' liens/claims. | FFEINSTE | 0.30 | 120.00 |
| 05/26/04 | Continue revisions to DIP order. | FFEINSTE | 0.20 | 80.00 |
| 05/27/04 | Telephone call with Eidelman (.3); continue revisions to DIP Financing Order (2.0). | FFEINSTE | 2.30 | 920.00 |
| 05/28/04 | Revise DIP order and transmit changes to Eidelman. | FFEINSTE | 1.00 | 400.00 |
| 06/01/04 | Review bank documents regarding Hilco for perfection (1.4); conference with F. Feinstein regarding same (.3); phone call to Hilco counsel regarding same (.1). | BSARGENT | 1.80 | 468.00 |
| 06/01/04 | Telephone call with Eidelman regarding DIP order (.5); revise and transmit same (1.3). | FFEINSTE | 1.80 | 720.00 |

Harper-Wyman Creditors' Committee                       August 27, 2004
Re: DIP Financing                                       Invoice Number: ******
Quarles & Brady Matter Number: 122840.00007            Page 21

| Date | Description | Professional | Hours | Amount |
|------|-------------|--------------|-------|--------|
| 06/02/04 | Telephone call with Eidelman regarding final DIP Financing Order (.4). | FFEINSTE | 0.40 | 160.00 |
| 06/02/04 | Review Transamerica loan documents. | BSARGENT | 1.00 | 260.00 |
| 06/04/04 | Review and revise Final Financing Order and transmit. | FFEINSTE | 1.30 | 520.00 |
| 06/07/04 | Review TransAmerica loan documents and perfection documents (3.8); brief research on Miquiladora companies (.7); draft memo on loan documents (.5). | BSARGENT | 5.00 | 1,300.00 |
| 06/07/04 | Telephone call with Dan Maguire regarding extending challenge date (.1); telephone call with M. Eidelman regarding final DIP order (.6); revisions to same (1.0). | FFEINSTE | 1.70 | 680.00 |
| 06/08/04 | Review Eidelman's revisions to Final Order (.2); telephone call with Eidelman regarding same (.2). | FFEINSTE | 0.40 | 160.00 |
| 06/09/04 | To court regarding hearing on DIP financing and other motions. | FFEINSTE | 1.30 | 520.00 |
| 06/15/04 | Conference with B. Sargent regarding status of review of loan documents and issues remaining (.2); telephone call with Eidelman to request extension and to discuss Mexican entities (.2). | FFEINSTE | 0.40 | 160.00 |
| 06/15/04 | Telephone conference with B. Sargent regarding Mexico securitization issues; research regarding same. | GLS | 1.30 | 429.00 |
| 06/16/04 | Edit motion to extend challenge deadline (.3); draft order regarding same (.2); email to lenders (.1). | BSARGENT | 0.60 | 156.00 |
| 06/16/04 | Review and revise stipulation extending time to contest secured claims (.2); conference with B. Sargent regarding same (.1); telephone call with Eidelman regarding same (.2). | FFEINSTE | 0.50 | 200.00 |
| 06/17/04 | Finalize motion to extend loan; review deadline (.4); file same (.2). | BSARGENT | 0.60 | 156.00 |
| 06/21/04 | Conference with M. Eidelman and FBF regarding auction, motion to sell (.8); conference with FBF regarding lender's position (.7). | MCOHEN | 1.50 | 600.00 |

Harper-Wyman Creditors' Committee
Re: DIP Financing
Quarles & Brady Matter Number: 122840.00007

August 27, 2004
Invoice Number: ******
Page 22

| Date | Description | Professional | Hours | Amount |
|------|-------------|--------------|-------|--------|
| 06/21/04 | To court regarding extension of challenge deadline (.7). | BSARGENT | 0.70 | 182.00 |
| 06/22/04 | Review motion to sell (.5); conference with FBF regarding motion for examiner and strategy regarding hearing (1.0); telephone conference with M. Eidelman and prepare for hearing (1.3). | MCOHEN | 2.80 | 1,120.00 |
| 06/22/04 | Continue review of loan documents. | BSARGENT | 0.60 | 156.00 |
| 06/23/04 | Research and review documents regarding appointment of receiver and insider claims (1.5); attend court hearing before Judge Goldgar (2x) regarding examiner and sale procedures motion and various settlement discussions (3.0). | MCOHEN | 4.50 | 1,800.00 |
| 06/23/04 | Continue review of Hilco documents (.7); edit memo regarding same (.5); draft letter to Hilco and Transamerica regarding same (.6). | BSARGENT | 1.80 | 468.00 |
| 06/28/04 | Conference with B. Sargent regarding status of review of loan documents. | FFEINSTE | 0.20 | 80.00 |
| 06/28/04 | Conference with FBF regarding no agreement on order. | MCOHEN | 0.50 | 200.00 |
| 06/29/04 | Conference with FBF regarding order status and changes (.3); telephone conference with MME (.2). | MCOHEN | 0.50 | 200.00 |
| 06/30/04 | Telephone call with Eidelman regarding missing perfection document (.2); conference with B. Sargent regarding her analysis of loan documents and remaining issue (.3). | FFEINSTE | 0.50 | 200.00 |
| 06/30/04 | Review draft order (.5); court hearing before Judge Goldgar regarding sale procedures order (1.0); conference with MME and Alan Guon regarding terms of order (.3); conference with FBF regarding order/inventory and impact of deposits (.5); review and conference with FBF regarding APA and deposits (.6) conference with FBF regarding O'Donohue information (.5). | MCOHEN | 3.40 | 1,360.00 |
| 07/01/04 | Conference with B. Sargent regarding perfection issues (.3); telephone call with Eidelman regarding same (.3). | FFEINSTE | 0.60 | 240.00 |

Harper-Wyman Creditors' Committee
Re: DIP Financing
Quarles & Brady  Matter Number: 122840.00007

August 27, 2004
Invoice Number: ******
Page 23

| Date | Description | Professional | Hours | Amount |
|------|-------------|--------------|-------|--------|
| 07/02/04 | Telephone call with Eidelman (.3) and conference with B. Sargent (.2) regarding finalizing review of lender's perfection issues. | FFEINSTE | 0.50 | 200.00 |
| 07/08/04 | Review and translate security agreement regarding Harper-Mexico. | GLS | 1.00 | 330.00 |
| 07/09/04 | Telephone conference with B. Sargent regarding effect of document. | GLS | 0.30 | 99.00 |
| 07/12/04 | Conference with Eidelman regarding sale (.2); conference with F. Feinstein regarding same (.1). | MCOHEN | 0.30 | 120.00 |
| 07/12/04 | Telephone call with L. Krueger (.4); revise memo to committee regarding document review (.5). | FFEINSTE | 0.90 | 360.00 |
| 07/14/04 | Conference call with Jacobsen Partners regarding relationship with lenders. | FFEINSTE | 0.80 | 320.00 |
| 07/16/04 | Conference with Eidelman regarding sale. | MCOHEN | 0.20 | 80.00 |

**FEE SUMMARY:**

| ID | Name | Hours | Rate | Amount |
|----|------|-------|------|--------|
| FFEINSTE | Faye B. Feinstein | 43.00 | 400.00 | 17,200.00 |
| GLS | Gerald L. Shelley | 2.60 | 330.00 | 858.00 |
| MCOHEN | Melanie Rovner Cohen | 19.20 | 400.00 | 7,680.00 |
| BSARGENT | Brandy A. Sargent | 20.70 | 260.00 | 5,382.00 |
| JKLEINMA | Jeremy C. Kleinman | 7.40 | 260.00 | 1,924.00 |
| Totals | | 92.90 | | 33,044.00 |

Total Fees:                                            $        33,044.00

**G**

Harper-Wyman Creditors' Committee
Re: Retention of Professionals
Quarles & Brady Matter Number: 122840.00008

August 27, 2004
Invoice Number: ******
Page 24

| Date | Description | Professional | Hours | Amount |
|------|-------------|--------------|-------|--------|
| 04/20/04 | Review motion to retain Shepherd Partners and analyze in conjunction with motion to retain CRP (.7); telephone call with committee members regarding same (.3); telephone call with A. guon regarding same (2x) (.2); draft objection to same (1.5). | FFEINSTE | 2.70 | 1,080.00 |
| 04/20/04 | Prepare service list for pleading. | BSARGENT | 0.50 | 130.00 |
| 04/21/04 | To court regarding hearing on shepherd retention (1.3). | FFEINSTE | 1.30 | 520.00 |
| 04/22/04 | Draft affidavit of F. Feinstein in support of application for retention (1.0); draft application for retention (1.2); draft memorandum regarding status to F. Feinstein (.2). | JKLEINMA | 2.40 | 624.00 |
| 04/22/04 | Telephone call with Debtor's counsel regarding Shepherd retention. | FFEINSTE | 0.20 | 80.00 |
| 04/23/04 | Conference with FBF regarding retention, carve outs and terms. | MCOHEN | 0.30 | 120.00 |
| 04/23/04 | Review draft order - Shepherd Partners (.2); voicemail to B. Graham regarding same (.1). | FFEINSTE | 0.30 | 120.00 |
| 04/26/04 | Telephone call with Guon regarding Shepherd retention order (.1). | FFEINSTE | 0.10 | 40.00 |
| 04/26/04 | Meet with B. Sargent to discuss application for retention of Q&B as counsel to official committee of unsecured creditors. | JKLEINMA | 0.70 | 182.00 |
| 04/26/04 | Phone call to debtors' counsel regarding employment application (.2); begin editing same (.3). | BSARGENT | 0.50 | 130.00 |
| 04/27/04 | Continue drafting application to employ Quarles and Brady and affidavit regarding same (2.3); draft order regarding same (.3). | BSARGENT | 2.60 | 676.00 |
| 04/27/04 | Conference with C. Combest regarding CRP objection (.2); telephone call with Guon regarding retention of investment banker (.1); review and revise objection to CRP retention (.3). | FFEINSTE | 0.60 | 240.00 |

Harper-Wyman Creditors' Committee
Re: Retention of Professionals
Quarles & Brady Matter Number: 122840.00008

August 27, 2004
Invoice Number: ******
Page 25

| Date | Description | Professional | Hours | Amount |
|------|-------------|--------------|-------|--------|
| 04/27/04 | Review and analyze motion to employ CRP, retention agreement, and interaction with other professional retention applications (2.0); review interim order regarding CRP Motion (0.2); research regarding performance bonuses in bankruptcy cases (0.7); draft and revise objection to motion to retain CRP (3.9). | CCOMBEST | 6.80 | 2,380.00 |
| 04/28/04 | Edit application to employ Quarles & Brady (.8); edit affidavit regarding same (.5). | BSARGENT | 1.30 | 338.00 |
| 04/28/04 | Revise application to employ Quarles & Brady and affidavit in support. | FFEINSTE | 0.80 | 320.00 |
| 04/28/04 | Revise limited objection to CRP retention (0.1); oversee filing and service of same (0.2). | CCOMBEST | 0.30 | 105.00 |
| 04/29/04 | Finalize Quarles & Brady retention motion and affidavit (.3); review motion to retain SSG (1.0); voicemail to Eidelman regarding same (.0). | FFEINSTE | 1.30 | 520.00 |
| 04/29/04 | Finalize application for retention and exhibits thereto (.7); oversee filing and service of same (.4). | BSARGENT | 1.10 | 286.00 |
| 04/30/04 | Revise limited objection regarding SSG retention (0.5); oversee filing and service of same (0.1). | CCOMBEST | 0.60 | 210.00 |
| 04/30/04 | Voicemail to Eidelman and Fishman regarding SSG retention (.2); draft objection to same (1.5); review final shepherd order (.2). | FFEINSTE | 1.90 | 760.00 |
| 05/03/04 | Revise Quarles & Brady retention order (.2); review revised SSG order (.1); telephone call with Guon regarding same (.1); revise notice to creditors of request for retainer (.2); prepare for and attend court regarding Quarles and Brady and SSG retention (1.8). | FFEINSTE | 2.40 | 960.00 |
| 05/03/04 | Draft notice of hearing regarding retainer. | BSARGENT | 0.30 | 78.00 |
| 05/04/04 | Finalize notice of continued hearing (.2); oversee service of same (.1). | BSARGENT | 0.30 | 78.00 |
| 05/04/04 | Review CRP Order and email to Debtor's counsel regarding same. | FFEINSTE | 0.20 | 80.00 |
| 05/06/04 | Draft certificate of service regarding retention order (.1); see to filing and service of same (.1). | BSARGENT | 0.20 | 52.00 |

Harper-Wyman Creditors' Committee
Re: Retention of Professionals
Quarles & Brady  Matter Number: 122840.00008

August 27, 2004
Invoice Number: ******
Page 26

| Date | Description | Professional | Hours | Amount |
|---|---|---|---|---|
| 05/25/04 | Draft order regarding retainer (.4); conference with F. Feinstein regarding same (.2). | BSARGENT | 0.60 | 156.00 |
| 05/26/04 | To court regarding retainer order (.6); edit retainer order (.3); oversee delivery of same to court (.1). | BSARGENT | 1.00 | 260.00 |
| 06/09/04 | Review research on creditor connections (2.5); draft schedule regarding same (.3). | BSARGENT | 2.80 | 728.00 |
| 06/10/04 | Draft supplemental affidavit for retention of Quarles & Brady. | BSARGENT | 0.80 | 208.00 |
| 06/14/04 | Review and revise supplemental affidavit of retention. | FFEINSTE | 0.30 | 120.00 |
| 06/17/04 | Finalize supplemental affidavit of F. Feinstein. | BSARGENT | 0.60 | 156.00 |
| 06/17/04 | Finalize supplemental affidavit. | FFEINSTE | 0.30 | 120.00 |

**FEE SUMMARY:**

| ID | Name | Hours | Rate | Amount |
|---|---|---|---|---|
| CCOMBEST | Christopher Combest | 7.70 | 350.00 | 2,695.00 |
| FFEINSTE | Faye B. Feinstein | 12.40 | 400.00 | 4,960.00 |
| MCOHEN | Melanie Rovner Cohen | 0.30 | 400.00 | 120.00 |
| BSARGENT | Brandy A. Sargent | 12.60 | 260.00 | 3,276.00 |
| JKLEINMA | Jeremy C. Kleinman | 3.10 | 260.00 | 806.00 |
| Totals | | 36.10 | | 11,857.00 |

Total Fees:                                    $      11,857.00